UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 17-20837
        Hon. Mark A. Goldsmith

DARELL REED,

        Defendant.

_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION ASSERTING GRAND JURY DEFECT (Dkt. 166)**

This matter is before the Court on Defendant Darell Reed's motion asserting a grand jury defect (Dkt. 166). In the motion, Reed asserts that an agent of the Drug Enforcement Administration, Matthew Grams, lied to the grand jury and, as a result, Reed was wrongfully indicted for violating 21 U.S.C. §§ 841(a)(1), 846. Id. at 1. Reed asks the Court to "order the dismissal of the entire indictment" or, alternatively, order an evidentiary hearing. Id. at 6. The Court declines to consider Reed's requested relief given that his motion is untimely and, further, Reed has failed to show good cause to excuse his untimeliness.

Pursuant to Federal Rule of Criminal Procedure 12(b)(3), "defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available," including motions that allege a defect in the indictment or an error in the grand jury proceeding. Fed. R. Crim. P. 12(b)(3)(A)(v), (B). Rule 12(c)(1) empowers trial courts to set deadlines for the parties to make such pretrial motions. If a party files a motion beyond the deadline set by the court, "the motion is untimely" and the court may only consider the relief requested by the motion "if the party shows good cause." Fed. R. Crim. P. 12(c)(3). "'Good cause is a flexible standard heavily dependent on the facts of the particular case as found and weighed by the district court in its equitable discretion.'" United States v. Trujillo-Molina, 678 F. App'x 335, 338 (6th Cir. 2017)

(quoting United States v. Walden, 625 F.3d 961, 967 (6th Cir. 2010)). However, "[a]t a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" Id. (quoting Walden, 625 F.3d at 967).

In this case, the pretrial motion deadline was January 7, 2019. 12/17/18 Text-Only Order. This deadline was later extended to February 28, 2020 for motions to suppress and March 6, 2020 for motions in limine. 2/24/20 Order (Dkt. 125). However, the pretrial motion deadline was not extended for motions such as Reed's that seek dismissal of the indictment. Reed's motion is clearly untimely, as he filed it on May 11, 2021, well beyond the January 7, 2019 pretrial motion deadline.

Further, Reed has failed to meet his burden of showing good cause for the untimeliness. In fact, Reed fails to articulate any explanation—let alone a legitimate explanation—for his failure to timely file his motion. And none can be discerned. Reed had no legitimate reason to file his motion after the pretrial motion deadline, given that the basis for Reed's motion—testimony given during a grand jury proceeding that occurred several years ago in December 2017—was reasonably available well before the January 7, 2019 pretrial motion deadline.[1]

For these reasons, Reed's motion (Dkt. 166) is denied. Further, because the pretrial motion deadline has passed, Reed may not file any additional pretrial motions unless he can satisfy the good cause standard for late filing.

SO ORDERED.

Dated: May 12, 2021                                s/Mark A. Goldsmith
       Detroit, Michigan                           MARK A. GOLDSMITH
                                                   United States District Judge

---

[1] A criminal defendant may obtain disclosure of a grand jury matter by requesting authorization from the court and showing that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. Fed. R. Crim. P. 6(e)(3)(E). Reed could have obtained a transcript of testimony given to the grand jury by following this procedure over three years ago.